Barker, P. J.
—The board of commissioners, on the day designated by the statute, convened and duly organized. *574 All were present and participated in the proceedings, which resulted in a majority vote in favor of granting a license to the defendant. He paid the fee fixed by the board, which they paid over to the supervisors of the town. Every requirement of the statute was fully complied with. Laws of 1870, chap. 175; Laws of 1878, chap. 549; Laws of 1874, chap. 444. The circumstance of the papers signed, are prepared previous to the meeting of the board did not invalidate the same. It is customary practice for applicants for a license to prepare the necessary papers before the board convenes to be used, in case a license is granted. Preparing, signing and _ delivering a license after one has been granted is a ministerial act. In this case the license, in due form, had been prepared and signed by two of the commissioners prior to the action of the board upon the application and the delivery of the same to the defendant, as evidence of the action of the board, was as effective as if it had been actually prepared and signed by two of the commissioners subsequent to the action of the board voting a license. Powell v. Tuttle, 3 Com., 400.
There was no dispute, as to what transpired after the board convened, as all the commissioners were called as witnesses and they substantially agreed in their statements. If there could be any doubt on the question whether a majority of the board voted to grant a license to the defendant, there was ample evidence making a case for the consideration of the jury.
Verdict set aside. New trial granted,, with costs to abide event.
All concur.